IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDON DAVIS-EL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:24-813 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| R. SCOTT ADAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER OF DISMISSAL

Having been granted leave to proceed *in forma pauperis* ("IFP"), Plaintiff is subject to the screening provisions in 28 U.S.C. § 1915(e). *See* Atamian v. Burns, 236 F. App'x 753, 755 (3d Cir. 2007) ("[T]he screening procedures set forth in [Section] 1915(e) apply to [IFP] complaints filed by prisoners and non-prisoners alike.") (citations omitted). Among other things, the screening provisions require a court to dismiss an action that is frivolous or malicious or fails to state a claim on which relief can be granted. El-Bey v. U.S., 619 F. App'x 53, 54 (3d Cir. Oct. 13, 2015). In reviewing complaints under Section 1915(e) for failure to state a claim, federal courts use the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). D'Agostino v. CECOM RDEC, 436 F. App'x 70, 72 (3d Cir. 2011) (citing Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)). In addition, district courts are required to dismiss any action over which they lack subject-matter jurisdiction. *See* Gittens v. Kelly, No. CV 17-309, 2017 WL 11491085, at *1 (W.D. Pa. Nov. 16, 2017) (citing Muchler v. Greenwald, 624 Fed. Appx. 794, 796-97 (3d Cir. 2015)), aff'd, 790 F. App'x 439 (3d Cir. 2019).

In this case, Plaintiff claims violations of his constitutional right to travel; right to be secure in property and person; right to not self-incriminate; right to due process; right not to be

tried in double jeopardy; and double jeopardy. Compl. Section II.B. To the extent they are intelligible, Plaintiff's substantive allegations include the assertion that Defendants Adams, Shaw, Kuks, Robertson, Sample, Yuhouse, Kemple, Hayes and Johnston:

> who work for Government, did cause harm, loss and injury to my person and to I, man. I sent them notices, I required answers in writing. They did not answer. They foot-dragged, they evaded and they covered for each other. They knew they were wrong, they did not care, they did it anyway.

Compl. Section III.C. (Doc. 3). Plaintiff further states:

> Wherefore, this is a whistle blower action, I require a court-appointed attorney, protections, consideration, benefit and full enforcement of the law. *Track and trace all financial transactions, disgorge, compensation and sanction the wrongdoers.

Id. Section V. Attachments to the Complaint additionally describe Plaintiff's claims as "Common Law Trespass; Robbery Ashore; Uttered Forged Instruments; Conspiracy to Interfere with Citizen's Rights; Malicious Prosecution; [RICO]; Deprivation of Rights Under Color of Law, Nationality Laws; Trafficking; Peonage; Treason; Identity Theft; Breach of Trust, Confidence and Duty." See Doc. 3-3 at 1; see also id. at 2-5 (elaborating on "claims" against Defendants Johnston, Hayes, Adams, Kuks, Robertson, Sample and Yuhouse).

Also pending are a Motion for Copies of Records/Filings (Doc. 6), a Motion for Removal (Doc. 7) and a Motion to Appoint Counsel (Doc. 8). Even construing Plaintiff's filings liberally as required in the case of *pro se* litigants, his Motions must be denied, and his Complaint must be dismissed for the reasons set forth below.

As an initial matter, this action must be dismissed for lack of subject-matter jurisdiction to the extent Plaintiff relies on diversity of citizenship as the basis for federal jurisdiction. See Doc. 3-1 (Civil Cover Sheet). Plaintiff identifies Allegheny County, Pennsylvania, as both his County of Residence as well as the residence of all named Defendants. See Doc. 3 Section I;

2

Doc. 1-2. Accordingly, even assuming the amount of controversy is met, diversity jurisdiction does not apply. *See* 28 U.S.C. § 1332; Fed. R. Civ. P. 12(h)(3); Yancy-El v. Kelly, No. 2:24-CV-751, 2024 WL 3413261, at *1 (W.D. Pa. June 21, 2024), report and recommendation adopted, No. 2:24-CV-751, 2024 WL 4215740 (W.D. Pa. Sept. 17, 2024). To the extent Plaintiff's claims assert the alleged violation of federal civil rights, or other federal claims, federal question jurisdiction applies under 28 United States Code Section 1331. *See* id.

Second, Plaintiff's Complaint must be dismissed to the extent he is seeking to remove his own state-court action to this Court. In his Motion for Removal (Doc. 7), Plaintiff purports to do just that. In that Motion, Plaintiff states, "I've filed initial claim GD-24-4610 at Department of Court Records. When I filed above case 2:24-CV-813, it was my wish to remove GD-24-4610, not merely to refile a new claim in this venue." *See* Doc. 7. By its plain language however, the removal statute limits the right of removal to the "defendant" or "defendants." *See* 28 U.S.C. § 1441. "Not only are the removal statutes clear and unambiguous, the caselaw interpreting them overwhelmingly supports the proposition that only a defendant may remove an action from state court." Yancy-El v. Kelly, No. 2:24 CV 751, 2024 WL 3161891, at *1 (W.D. Pa. June 24, 2024) (quoting Gehm v. New York Life Ins. Co., 992 F. Supp. 209, 211 (E.D.N.Y. 1998)); *see also* Untracht v. Fikri, 454 F. Supp. 2d 289, 328 (W.D. Pa. 2006) ("What Plaintiff is in essence asking the Court to do is to allow him to remove an action he filed in state court. [However, removal] by a plaintiff is not permitted because the plaintiff had the original choice of forum."), aff'd, 249 F. App'x 268 (3d Cir. 2007).

Third, as to the substance of his Complaint, Plaintiff fails to state a claim upon which relief can be granted. As an initial matter, Plaintiff's Complaint contains no factual allegations whatsoever directed toward Defendant Derek Artim. It is well-established that, at a minimum,

3

"[a] civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations." Yancy-El, 2024 WL 3413261, at *3 (quoting Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005)). Moreover, "an individual government defendant 'in a civil rights action must have personal involvement in the alleged wrongdoing; liability cannot be predicated solely on the operation of *respondeat superior*.'" Id. Because Plaintiff fails to allege any facts related to Defendant Artim, the Complaint must be dismissed against him pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Complaint also must be dismissed as to Defendant "Duquesne City Police" because, "while a municipality may be liable under § 1983, a police department, as a mere sub-unit of the municipality, may not." Bey v. Woolridge, No. 21-CV-2237, 2022 WL 118133, at *2 (E.D. Pa. Jan. 12, 2022) (citing Martin v. Red Lion Police Dept., 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (per curiam)). As to the remaining Defendants, the Complaint contains a litany of legal conclusions without sufficient factual support to place these Defendants – or the Court – on notice of the claims asserted against them. *See* Yancy-El, 2024 WL 3413261, at *3-*4. Because "the Court cannot determine the factual basis of any claims [Davis-El] seeks to bring with sufficient clarity to apply the relevant law," these claims must be dismissed. Id. With the exception of the claims against "Duquesne City Police," this dismissal will be without prejudice and with leave to make last, best efforts to amend the Complaint to flesh out Plaintiff's allegations by explaining the "who, what, where, when, and why" of his claim(s). *See* id.[1] For the reasons set forth above, the claims against "Duquesne City Police" must be dismissed with prejudice because amendment of the same would be futile.

---

[1] Should Plaintiff choose to file an Amended Complaint, the Court cautions that arguments challenging the general application of motor vehicle laws repeatedly have been rejected at the screening stage as frivolous. So too have claims predicated on a litigant's Moorish heritage. *See* Yancy-El, 2024 WL 3413261, at *4 n.2 (motor vehicle laws); Garcia v. Bucks Cnty. Just. Ctr., No. CV 17-3381, 2017 WL 4126349, at *3 (E.D. Pa. Sept. 18, 2017) (Moorish heritage).

Finally, Plaintiff's Motion for Copies of Records/Filings (Doc. 6) and Motion to Appoint Counsel (Doc. 8) also must be denied. With respect to Plaintiff's request for copies of records/filings, the Court notes that papers filed with the Clerk are retained by the Court. If Plaintiff wishes copies of filings on the docket, he may request the same from the Clerk's Office. The copying fee is ten cents per page. Plaintiff also may view the docket for free from one of the public terminals at the United States Courthouse. As set forth in Local Civil Rule 5.4, Plaintiff should refrain from filing discovery demands with the Court. Plaintiff's Motion for Appointment of Counsel is denied because, as the Complaint now stands, it lacks "arguable merit in fact and law." Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993); *see also* Local Civil Rule 10(C) ("Absent special circumstances, no motions for appointment of counsel will be granted until after dispositive motions have been resolved.").

In accordance with the foregoing, it is HEREBY ORDERED that:

Plaintiff's Motion to Appoint Counsel (Doc. 8), Motion for Copies of Records/Filings (Doc. 6) and Motion for Removal (Doc. 7), are **DENIED**. Plaintiff's Complaint (Doc. 3) is **DISMISSED WITH PREJUDICE** as to Defendant Duquesne City Police, which shall be terminated as a party to this case. The Complaint is **DISMISSED WITHOUT PREJUDICE**, and with leave to amend, as to all remaining Defendants pursuant to 28 U.S.C. § 1915(e)(2)(B).

Consistent with the above, should Plaintiff choose to amend his Complaint, he may do so by **December 20, 2024**. The Court will not grant further opportunity for amendment, so Plaintiff must make **last, best efforts** to plead legally supportable federal claims against the relevant parties. If an amended complaint is not timely filed, dismissal of Plaintiff's claims summarily will be converted to with-prejudice, and this case shall be marked closed.

IT IS SO ORDERED.

December 6, 2024                              s/Cathy Bissoon
                                              Cathy Bissoon
                                              United States District Judge


cc (via First-Class U.S. Mail):

BRANDON DAVIS-EL
723 Mifflin Street
Duquesne, PA 15110